UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARMELINA CHAVEZ,

          Plaintiff,

  -vs-

BEST MARGARITA'S MEXICAN GRILL
  d/b/a Margarita's Restaurant,

          Defendant.

06-CV-0694E(F)

MEMORANDUM

and

ORDER[1]

---

**INTRODUCTION AND BACKGROUND**

      This Title VII claim was filed on October 19, 2006 against Best Margarita's Mexican Grill, doing business as Margarita's Restaurant, and alleges sexual harassment in the workplace and discrimination based on sex. It also specifically alleges that plaintiff was sexually assaulted and raped by a co-worker and that when plaintiff reported such to her employer, she was fired. A Summons was issued on October 20, 2006 and returned as executed on March 8, 2007, indicating that service of the Summons and Complaint was accomplished by service on the Secretary of State in accordance with New York law (Business Corporation Law §306)on January 16, 2007.[2] No Answer was filed or otherwise served and on March 8, 2007, plaintiff made a request for a Clerk's entry of default, which was entered on March 9, 2007

---

[1]This decision may be cited in whole or in any part.

[2]Plaintiff, in her response papers indicated that personal service was attempted, but the company was no longer operating out of the previously known location.

(Dkt. #5). No motion for default judgment has been made, hence, judgment has not been entered in this case. On April 6, 2007, defendant made this motion to vacate the Clerk's Entry of Default (Dkt. #6).[3]

Defendant admits that it was aware that the lawsuit was imminent through the process of the EEOC and New York State Division of Human Rights proceedings. It is also undisputed that plaintiff's counsel requested that the attorney for the restaurant in the administrative proceedings accept service of the Summons and Complaint herein — which he refused. However, defense counsel claims that they never heard anything more about the matter until the client called and notified him of the entry of default. Defendant also claims that it never received notification of service from the Secretary of State.

Defendant further claims to have a meritorious defense in that plaintiff's allegations are false (*i.e.*, the wrath of a woman scorned) and defendant has continually maintained such throughout the administrative proceedings.

Plaintiff's counsel replies that, although she does not believe there is cause to vacate, and that there is also cause to believe there was a conscious avoidance of service here[4], she will not oppose it because her client is insistent on having her case

---

[3] On May 18, 2007 defendants also made a "motion to set aside default" (Dkt. #11) which is identical to the instant motion and will be dismissed as duplicative.

[4] No evidence of such has been provided.

- 2 -

heard by a judge and jury. At oral argument hereon, plaintiff appeared personally to reinforce her desire to have this matter proceed on its merits.

## DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure (FRCvP) provides that "[f]or good cause shown the court may set aside an entry of default". This "good cause" standard is broader and more liberal than the standards and considerations under FRCvP 60(b), which is not implicated herein because no final order or default *judgment* has been filed.[5]

"The decision to set aside an entry of default is committed to the discretion of the district judge." *Reiss* v. *Clark*, 1990 WL 257275, *2 (W.D.N.Y. 1990)(Elfvin, J); *see also Tesillo* v. *Emergency Physician Associates, Inc.,* 230 F.R.D. 287, 289 (W.D.N.Y. 2005)(Larimer, J.)("Decisions to vacate an entry of default are within the discretion of the court"). "Because there exist 'strong policies favoring the resolution of genuine disputes on their merits, *** doubts are to be resolved in favor of a trial on the merits.'" *Reiss, supra* at 2 (internal citation omitted); *see also, Tesillo, supra* at 289 ("any doubts should be resolved in favor of a trial on the merits."). Further, "[a]lthough the factors to be considered are the same, the standard for deciding whether to vacate an entry of default is less rigorous than the standard which is applied when deciding whether to vacate a default judgment. *Tesillo, supra* at 289

---

[5]FRCvP 60(b) and the attendant standards provide relief from *final judgments or orders* upon grounds such as "mistake, inadvertence, surprise, or excusable neglect."

(*citing Pecarsky* v. *Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir.2001) and *American Alliance Insurance Co.* v. *Eagle Insurance Co.*, 92 F.3d 57, 59 (2d Cir.1996)); *see also Reiss, supra* at *2 ("the standard applied by a court for setting aside an entry of default pursuant to a Rule 55(c) motion is less rigorous than the standards for setting aside a default judgment, pursuant to Rule 60(b).")

> In determining whether to vacate an entry of default, the Court must consider "(1) whether the default was willful; (2) whether setting aside the default judgment would prejudice the adversary; and (3) whether a meritorious defense is presented." *See Powerserve Intern. Inc.* v. *Lavi,* 239 F.3d 508, 514 (2d Cir.2001) *289 (*quoting Enron Oil Corp.* v. *Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993)).

*Tesillo, supra* at 288. For the reasons that follow, the Court finds that the defendant has met the burden of showing good cause.

The first consideration — willfulness — is a close question and somewhat similar to the Court's considerations in the *Reiss*, case, above. In *Reiss*, it was found that, in allowing the default the attorney was "negligent to a reprehensible degree". *Reiss, supra* at *2. In the present case, the defendant's attorney, in refusing to accept service of the Complaint, appears to have been negligent in that such refusal resulted in the need to effect service on the Secretary of State, notice of which defendant claims it never got. While not legally obligated to accept service on behalf of his client, the Court equates counsel's refusal to accept service as an unreasonable and ill advised, perhaps even negligent, legal tactic. However, the willful refusal to

accept service does not squarely equate to a finding of willfulness[6] under this consideration. *See Jones* v. *Herbert*, 2004 WL 3267285 at *2 (W.D.N.Y. 2004)(Elfvin, J) ("The Second Circuit looks for bad faith or for at least something more than mere negligence before rejecting a claim of excusable neglect based on an attorney's or a litigant's error."); *see, e.g., American Alliance, supra*, 92 F.3d at 61 (refusing to find willfulness in the default judgment context where defendant's failure to answer was due to a filing clerk's error in misplacing the complaint); *Sims* v. *West*, 2005 WL 2241066 at *2 (W.D.N.Y.2005)(Siragusa, J.) (refusing to find willfulness where defendant failed to answer the complaint because of a mistaken assumption that he was represented by the New York State Attorney General's office).

With respect to the considerations of prejudice and the merits of the defense, and in light of plaintiff's lack of objection to the motion and her specifically stated and expressed desire to have this matter litigated, the Court finds the prejudice to the plaintiff in granting the motion is negligible and the defense, as asserted by defendant in support of the motion, is sufficiently meritorious.[7] Therefore, the Clerk's entry of Default (Dkt. #5) shall be vacated.

---

[6] Even so, this cannot be said that this is what caused the default. More accurately, it was the lack of notice from the Secretary of State (a claim that plaintiff does not dispute) that actually caused the default herein.

[7] This finding is strictly limited to this motion. With respect to the remainder of this case, the Court makes no specific findings regarding the merits of any defense which may be imposed herein.

However, costs shall be imposed upon the defendant pursuant to FRCvP 4(d) for counsel's refusal to accept service. In this regard, the Court finds that plaintiff complied with the requirements of FRCvP 4(d)(2) in her notice and request that defendant waive service and accept the Summons and Complaint. The rule states that "[i]f a defendant \*\*\* fails to comply with a request for waiver made by a plaintiff \*\*\*the court *shall* impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown". FRCvP 4(d)(2)(emphasis added). Implicit in the Court's discussion, supra, regarding defense counsel's negligent tactic in refusing to accept service is a finding that no good cause exists for the failure to accept service herein. Further, "[t]he costs to be imposed \*\*\* shall include the costs subsequently incurred in effecting service \*\*\* together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service". FRCvP 4(d)(5).

The Court further finds that it is just and proper to award to plaintiff the costs and reasonable attorney's fees incurred in responding to the instant motion. The parties are hereby directed to meet and negotiate in good faith in an attempt to agree and stipulate on a total costs figure for both the costs related to effectuating service of the Summons and Complaint herein and in responding to the instant motion. Such stipulation shall be signed by the parties and the original presented to the Court for approval no later than 20 days after the entry of this Memorandum and Order. If the parties are unable to agree, plaintiff may make a motion for costs and fees. If it is

shown that the parties have not negotiated in good faith, a motion for sanction shall also be considered. Any such motion for costs, fees and/or sanctions sall be made no later than 30 days after the entry of this Memorandum and Order.

## CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED** that defendant's motion to vacate (Dkt. #6) is hereby GRANTED, defendant's motion to set aside (Dkt. #11) is DENIED as duplicative and the Clerk's Entry of Default is hereby vacated. It is also

**ORDERED** that defendant pay plaintiff, in accordance with the above provisions, the costs of effectuating service of the Summons and Complaint herein as well as reasonable costs and fees associated with the instant motion. Defendant is also

**ORDERED** to file and serve its Answer no later than September 7, 2007.

DATED:   Buffalo, N.Y.

August 16, 2007

*/s/ John T. Elivin*
JOHN T. ELFVIN
S.U.S.D.J.